No. 3123.—STATE OF LOUISIANA *v.* CHARLES HEMARD.

A person owning a cotton pickery can not avoid the payment of the license imposed on cotton pickeries by the revenue act of 1869, on the ground that he does not use it except for the purpose of picking and cleaning his own cotton, which he has purchased to sell again. In such a case he is as much liable to the State for the license as though he used it for picking and cleaning cotton for other persons for which he charged a commission.

APPEAL from the Third District Court, parish of Orleans. *Emerson*, J. *S. Belden*, Attorney General, for the State. *E. Howard McCaleb*, for defendant and appellant.

HOWE, J. This is an action to recover a license imposed on the cotton pickery of the defendant. There was judgment for plaintiff, and the defendant has appealed.

The act of 1869, under which the license payable in 1870 is claimed, provides that there shall be levied and collected an annual amount as a license * * * of five hundred dollars * * * from each cotton press, pickery or junk shop. § 3, No. 19, p. 148.

The statement of facts in the record is as follows:

"Plaintiff proved that the defendant was the owner of a cotton pickery on Freret street; that he had at said place the machinery and implements used by cotton pickers. The defendant proved that he used said cotton pickery, machinery and implements solely for his own use and benefit; that he had taken and paid license as a commission merchant during the years 1869 and 1870; that he was accustomed to buy good, bad, wet, damaged and muddy cotton; that when he purchased damaged, injured or unmerchantable cotton, he cleaned and prepared it for market in said cotton pickery, and sold it for his own account; that all the cotton so prepared and cleaned by him in said establishment was his own property; that he constantly and persistently refused to pick and prepare damaged cotton for cotton factors and commission merchants and for other parties; that all the work done by him in said establishment in the year 1869 and 1870 was solely for himself and on his own property."

Witnesses acquainted with the business also testified that the business carried on by defendant differed from that of cotton pickers or keepers of cotton pickeries in two respects, viz:

"*First*—That keepers of cotton pickeries cleansed and prepared damaged cotton for cotton factors, merchants and others, and received a commission or compensation therefor; in other words, that they worked for others and handled the property of others; whereas, defendant worked only for himself and on his cotton, and refused to do this work for others.

"*Second*—That cotton pickers or keepers of cotton pickeries opened the bales of cotton delivered to them by factors and others, picked the cotton, separated the bad from the good, put them up in separate

packages, bales, etc., and returned them to the factor, merchant or to whomsoever it belonged, and received a commission therefor; that defendant cleansed and prepared damaged cotton bought by him, and after having cleansed, picked and prepared it for market, put it up in such manner as he pleased, and sold it for himself and received the proceeds therefor."

It is urged on behalf of appellant that he does not keep a cotton pickery in the sense of the statute, as quoted, and that he is not therefore liable in this case. We can not assent to this view. The evidence recited above clearly shows that the defendant is the proprietor of a cotton pickery; that he uses it, in the way all pickeries are used, to put damaged cotton in order; that such use is a part of his business or occupation; that he pursues this part of his occupation for the purpose of gain, and that he, therefore, comes entirely within the clause of the statute under which this action is instituted.

Judgment affirmed.